UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOACIR LIMA,

                Plaintiff,

      - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION, TAMIKA S. MATHESON,
MELODEE KHRISTAN, and CARLOS M.
CARMONA,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
12-CV-3318 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Moacir Lima commenced this action on July 3, 2012, alleging violations of his constitutional rights and breach of contract. (Doc. No. 1.) Before the Court is defendants' fully briefed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 18.) For the reasons that follow, defendants' motion is GRANTED.

**STANDARD OF REVIEW**

When deciding a motion to dismiss, the Court's review is "limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). In order to withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-movant. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). A properly pled complaint need not contain "'detailed

factual allegations,'" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## FACTUAL BACKGROUND

Viewing the allegations in the complaint as true and drawing all reasonable inferences in his favor, plaintiff claim the following. In September 2007, the New York City Department of Education ("DOE") appointed plaintiff as a probationary high school teacher and assigned him to Liberty High School.[1] (Compl. (Doc. No. 1) ¶¶ 15-16.) The term of plaintiff's probationary period was three years, after which he would be eligible to receive tenure. (*Id.* ¶ 17.) Contrary to DOE policy, plaintiff did not receive any mentoring, feedback, or other criticism of his performance throughout his three years at Liberty High School. (*Id.* ¶¶ 21-23, 45-49.) In fact, plaintiff was formally observed teaching only once during his entire probationary period. (*Id.* ¶ 22.) Nevertheless, plaintiff was consistently awarded a satisfactory rating each year. (*Id.* ¶ 20.)

At the conclusion of plaintiff's probationary period, defendant Khristan, the principal at Liberty High School, informed plaintiff that he would not receive tenure. (*Id.* ¶ 24.) Instead, plaintiff was advised that he must agree to a one year extension of his probationary period or be terminated. (*Id.* ¶¶ 24-25.) Believing it to be his only option, on May 25, 2010, plaintiff entered into an agreement with defendant Gorman that extended his probation for a period of one year.[2]

---

[1] New York law, provides that "[t]eachers . . . shall be appointed . . . for a probationary period of three years . . . . The service of a person appointed . . . may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education or the trustees of a common school district." N.Y. Educ. Law § 3012(1)(a) (McKinney 2012). Although this provision became effective on April 9, 2007, section 3012 also provides that "[a]ny person previously appointed to tenure or a probationary period pursuant to the provisions of [the] former section . . . shall continue to hold such position and be governed by the provisions of this section notwithstanding any contrary provision of law." *Id.* at § 3012(c).

[2] Defendants argue that this agreement also bars any claims prior to September 7, 2010. (*See* Defs.' Mem. in Supp. (Doc. No. 20) at 8.) Defendant challenges this interpretation. (*See* Pl.'s Mem. in Opp. (Doc. No. 21) at 10-11.) Because plaintiff's allegations plausibly give rise to a claim either that plaintiff signed the agreement under duress or

2

(*Id.* ¶¶ 26, 28.) Following plaintiff's acceptance of the agreement, he returned to Liberty High School as a probationary teacher for a fourth year. (*Id.* ¶ 28.)

On December 9, 2010, plaintiff was observed by defendant Carmona, the assistant principal at Liberty High School, and given an unsatisfactory rating. (*Id.* ¶ 29.) On December 23, 2010, plaintiff was observed by Khristan and received another unsatisfactory rating.[3] (*Id.* ¶ 30.) On March 8, 2011, Khristan again observed plaintiff and issued him an unsatisfactory rating. (*Id.* ¶ 33.) In April 2011, plaintiff was provided with mentoring assistance for the first time. (*Id.* ¶ 32.) Nonetheless, on May 6, 2011, plaintiff received another unsatisfactory rating following a third observation by Khristan. (*Id.* ¶ 33.)

On June 28, 2011, near the end of plaintiff's probationary period, plaintiff received an unsatisfactory rating for the year. (*Id.* ¶ 34.) That same day, Gorman issued plaintiff a letter advising him that Gorman was denying a Certification of Completion of Probation and recommending the termination of his license. (*Id.* ¶ 35.) Plaintiff's appointment as a probationary teacher ended on August 28, 2011. (*Id.* ¶ 38.) On January 3, 2012, defendant Matheson affirmed the denial of plaintiff's Certification. (*Id.* ¶ 39.)

## DISCUSSION

Pursuant to Rule 12(b)(6), defendants have moved to dismiss the complaint on the grounds that plaintiff has failed to state a claim under 42 U.S.C. §§ 1983 and 1985, as well as under state law for breach of contract. (*See* Doc. No. 18.) The Court considers each claim in turn.

---

that defendants' actions are part and parcel of a larger course of conduct, for the purposes of this motion the Court does not view conduct prior to the agreement as precluded from consideration.

[3] Khristan did not conduct a post-observation conference and plaintiff was not notified of the results of Khristan's evaluation until March 23, 2011. (Compl. ¶ 31.)

## I. Claim for Due Process Violations

First, plaintiff claims that defendants' "failure to follow their own procedures, policies and regulations caused plaintiff irreparable damage [and] violated his property rights . . . ." (Compl. ¶ 61.) In particular, plaintiff argues that "[d]efendants . . . arbitrarily deprive[d] plaintiff of his status without affording him the process and entitlements provided by the various procedures, policies and regulations" promulgated by the DOE. (*Id.* ¶ 44.) By "act[ing] pursuant to a policy and practice of . . . giv[ing] hyper-scrutiny to probationary teachers in tenure decisions and [] prevent[ing] probationary teachers from receiving tenure" (*id.* ¶ 60), plaintiff urges, the DOE violated plaintiff's "rights to procedural due process guaranteed to him by the Fifth and Fourteenth Amendments to the Constitution of the United States."[4] (*Id.* ¶ 62.)

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972); *Narumanchi v. Bd. of Trustees of Connecticut State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988). If a claim implicates a protected interest, a court then asks what minimum process was due and inquires whether that constitutional threshold was met. *See Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976); *Narumanchi*, 850 F.2d at 72. Accordingly, the Court must first determine (1) whether plaintiff possessed a liberty or property interest that was invaded and, if so, (2) what process plaintiff was

---

[4] Plaintiff's claim is brought pursuant to section 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. However, "[s]ection 1983 is only a grant of a right of action; the substantive right giving rise to the action must come from another source." *Singer v. Fulton County Sheriff,* 63 F.3d 110, 119 (2d Cir. 1995) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). As indicated, plaintiff alleges that the substantive right in this case is his entitlement to procedural due process under the Fifth and Fourteenth Amendments. *See* U.S. Const. amends. V, XIV.

to be accorded before he could be deprived of that interest. *Ciambriello v. County of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002) (citing *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995)).

Plaintiff's complaint alleges that he was deprived of a property interest without due process of law.[5] In order to have a "property interest in a benefit," a party must have a "legitimate claim of entitlement to it." *Bd. of Regents*, 408 U.S. at 577. Such claims are "created and their dimensions [] defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."[6] *Id*. "State law therefore guides [the Court] in deciding whether plaintiff possessed only an unprotected unilateral expectation of employment, or instead had a constitutionally-protected 'legitimate claim of entitlement.'" *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 629 (2d Cir. 1996).

Under New York law, "[i]t is well settled that a probationary employee . . . has no property rights in his position . . . ." *Meyers v. City of New York*, 622 N.Y.S.2d 529, 532 (N.Y. App. Div. 1995); *see also Desir v. City of New York*, 453 F. App'x 30, 36 (2d Cir. 2011) (finding that a probationary teacher had no Fourteenth Amendment property interest in his position at the time of his termination); *Guerra v. Jones*, 421 F. App'x 15, 18 (2d Cir. 2011) (observing that a probationary teacher "has no Fourteenth Amendment property interest in continued employment"); *Dorcely v. Wyandanch Union Free Sch. Dist.*, 665 F.Supp.2d 178, 211 (E.D.N.Y.

---

[5] Although plaintiff's complaint alleges the deprivation of a liberty interest (Compl. ¶¶ 66-71), *see, e.g.*, *Paul v. Davis*, 424 U.S. 693, 710 (1976), plaintiff failed to respond to defendants' briefing on this point. In fact, plaintiff indicated in his opposition that cases concerning a liberty interest are inapposite here. (*See* Pl.'s Mem. in Opp. (Doc. No. 21) at 14.) In any event, "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Olim v. Wakinekona*, 461 U.S. 238, 251 (1983); *Cofone v. Manson*, 594 F.2d 934, 938 (2d Cir. 1979). Absent allegations beyond bare recitals, the complaint does not adequately state a claim for deprivation of a liberty interest.

[6] While state law determines whether an employee has a property interest in continued employment, "federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Ezekwo v. NYC Health & Hosps. Corp.,* 940 F.2d 775, 782 (2d Cir. 1991); *Ciambriello*, 292 F.3d at 313.

2009) ("Under New York state law, it is well-established 'that service as a probationary teacher does not confer a property right sufficient to establish a § 1983 substantive due process claim.'"); *Federico v. Bd. of Educ. of Pub. Sch. of Tarrytowns*, 955 F. Supp. 194, 199 (S.D.N.Y. 1997) (observing that a probationary teacher "clearly had no property interest in his employment as a teacher with the school district that would trigger the due process requirements of the Fourteenth Amendment"); *Castro v. New York City Bd. of Educ.*, 777 F. Supp. 1113, 1117 (S.D.N.Y. 1990) *aff'd*, 923 F.2d 844 (2d Cir. 1990) ("It is well settled under New York law that a probationary employee has no property rights in his employment . . . .").

Plaintiff argues, however, that "[d]efendants . . . arbitrarily deprive[d] [him] of his status without affording him the process and entitlements" required by the DOE despite a "legitimate expectation" that defendants would abide by those polices, and that "the fact that defendants did not adhere to these rules, regulations and understandings undermined plaintiff's due process rights, despite the fact that he was a probationary teacher." (Pl.'s Mem. in Opp. at 12-13.) Specifically, plaintiff asserts that "there were a panoply of rules, regulations and understandings of which the individual defendants should have been aware" that "created an expectation" regarding the standards by which plaintiff "would be judged." (*Id.* at 12.)

It would run counter to the law to say that plaintiff had a due process interest in the proper application of the procedures, policies, and regulations established by the DOE separate and apart from a cognizable interest in continued employment. That argument begs the question and would afford due process protection to an interest without first ascertaining that some process was actually due.[7] Plaintiff has "no property interest in an employment procedure

---

[7] The district court, in *Maglietti v. Nicholson*, 517 F.Supp.2d 624 (D. Conn. 2007), held that since "use of [an] informal grievance process was mandatory . . . [the plaintiff] had a property interest in that grievance being conducted properly." *Id.* at 636. However, other courts have declined to adopt that reasoning. *See, e.g., Mignault v. Ledyard Pub. Sch.*, 792 F.Supp.2d 289, 302 (D. Conn. 2011); *Gugliotti v. Miron*, No. 08-CIV-442 (JCH), 2010 WL

where, as a probationary employee, he has no entitlement to the employment." *Jannsen v. Condo*, 101 F.3d 14, 16 (2d Cir. 1996); *see also Finley v. Giacobbe*, 79 F.3d 1285, 1297 (2d Cir. 1996). That state laws or regulations "mandated certain procedures" regarding plaintiff's employment "does 'not of itself create a property or liberty right.'" *McMenemy v. City of Rochester*, 241 F.3d 279, 287 (2d Cir. 2001) (citing *Schwartz v. Mayor's Comm. on the Judiciary*, 816 F.2d 54, 57 (2d Cir. 1987)); *cf. Donato*, 96 F.3d at 629. "[B]ecause [plaintiff] had no legitimate claim of entitlement to – and therefore no property interest in – the position to which he aspired, the procedures used to fill that job are immaterial to his due process claim." *Perry v. Sinderman*, 408 U.S. 593, 602 (1972). Thus, plaintiff cannot plead a plausible due process claim merely by alleging that the proper procedures regarding his probationary employment were not followed.

Even the cases on which plaintiff relies support this conclusion. In *Perry*, the Supreme Court found a genuine issue as to an interest in continued employment only because the plaintiff "alleged that this interest, though not secured by a formal contractual tenure provision, was secured by a no less binding understanding fostered by the college administration."[8] 408 U.S. at 599. *Perry* explicitly recognized that "[i]f it is the law of [a state] that a teacher . . . has no contractual or other claim to job tenure, the [] claim would be defeated." *Id.* at 602 n.7. Similarly, in *Ezekwo v. New York City Health & Hospitals Corp.*, 940 F.2d 775 (2d Cir. 1991),

---

3025223, at *10 (D. Conn. July 30, 2010). More importantly, *Maglietti* concerned a full-time employee with a clear property interest in her continued employment. The facts here are different. Indeed, identifying a property interest in the grievance process itself was not essential to the result in *Maglietti*, as nonadherence to established internal policies governing that process would violate plaintiff's rights regarding her interest in her employment.

[8] In particular, the respondent in *Perry* relied on what the Court termed "an unusual provision" stating that the "College has no tenure system" but that "[t]he Administration of the College wishes the faculty member to feel that he has permanent tenure as long as his teaching services are satisfactory and as long as he displays a cooperative attitude toward his co-workers and his superiors, and as long as he is happy in his work." 408 U.S. at 600. The Court also found that the respondent had "claimed legitimate reliance upon guidelines . . . that provided that . . . a teacher in the state college and university system for seven years or more has some form of job tenure." *Id.* Plaintiff has alleged no such provisions in this case. Rather, it is undisputed that plaintiff was employed on a probationary basis.

the court found "a contractual right that rose to the level of a significant property interest that would be protected under state law" only because the employer had "verbally advised" the plaintiff employee that she would serve in a particular position, "adopted a policy and practice of awarding the position . . . on a rotating basis," and "expressly highlighted" that selection procedure "in [its] informational documents." 940 F.2d at 783.

New York law is clear that a probationary teacher has no contractual or other claim to job tenure. Plaintiff was made no promises regarding future employment and he has failed to identify any policies or procedures that would have assured him continued employment as a teacher.[9] *Compare Romano v. Harrington*, 664 F. Supp. 675, 681-82 (E.D.N.Y. 1987) (finding a property interest in "retention rights" in a collective bargaining agreement that "on [their] face . . . appear[ed] to guarantee continued employment"). Accepting the truth of the facts alleged, plaintiff's treatment may have been contrary to established rules or guidelines, but "[i]t is neither workable nor within the intent of section 1983" to bring every claim against a state actor into federal court.[10] *Ezekwo*, 940 F.2d at 782 (quoting *San Bernardino Physicians' Servs. Medical Group v. County of San Bernardino*, 825 F.2d 1404, 1408 (9th Cir. 1987)); *Costello v. Town of Fairfield*, 811 F.2d 782, 784 (2d Cir. 1987). Without a property interest in his continued employment, plaintiff cannot seek relief under the Due Process Clause.[11]

---

[9] To be sure, plaintiff has pointed to several sources that may protect probationary teachers, including DOE policies, rules, and regulations; provisions of the collective bargaining agreement governing plaintiff's employment; and implied contractual terms stemming from mutual understandings between plaintiff and defendants. None of these, however, suggests a right to continued employment sufficient to establish a due process property interest.

[10] Such claims are not without a forum under state law. *See Desir*, 453 F. App'x at 36 (noting the availability of an Article 78 proceeding under state law); *see also Brown v. Bd. of Educ. of City Sch. Dist. of City of New York*, 932 N.Y.S.2d 64 (N.Y. App. Div. 2011) (reviewing the dismissal of a probationary teacher in an Article 78 proceeding); *Sorell v. Bd. of Educ. of City Sch. Dist. of City of New York*, 562 N.Y.S.2d 572 (N.Y. App. Div. 1990) (same).

[11] Because the Court finds that plaintiff has failed to identify a property interest protected by the Due Process Clause, plaintiff's claim under 42 U.S.C. § 1985 must also fail. A claim for conspiracy pursuant to section 1985 requires that a plaintiff be "either injured in his person or property or deprived of any right of a citizen of the United States." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (citing *United Bhd.*

## II. Supplemental Claim for Breach of Contract

Plaintiff also alleges that defendants "breached their contractual obligations to plaintiff" by "disregarding [] sections of the collective bargaining agreement."[12] (Compl. ¶ 79.) New York law, however, requires the filing of a notice of claim prior to the commencement of any action against the DOE or its officers. *See* N.Y. Educ. Law § 3813(1) (McKinney 2012); N.Y. Gen. Mun. Law § 50-e (McKinney 2012). Likewise, "no action or special proceeding founded upon tort shall be prosecuted or maintained . . . where the alleged tort was committed by such teacher or member or employee acting in the discharge of his duties within the scope of his employment and/or under the direction of the board of education, trustee or trustees, or governing body of the school unless a notice of claim shall have been made and served . . . ." N.Y. Educ. Law § 3813(2). State notice-of-claim statutes apply to state-law claims brought in federal court. *See Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999); *Smith v. New York City Dep't of Educ.*, 808 F.Supp.2d 569, 578 (S.D.N.Y. 2011).

Plaintiff has neither alleged nor demonstrated compliance with this requirement. The satisfaction of the notice requirement is a "condition precedent to bringing an action against a school district or a board of education and, moreover, failure to present a claim within the statutory time limitation or to notify the correct party is a fatal defect." *Parochial Bus Sys., Inc. v. Bd. of Educ. of City of New York*, 458 N.E.2d 1241, 1245 (N.Y. 1983). Additionally, "[n]otice of claim requirements are construed strictly by New York state courts and failure to abide by their terms mandates dismissal of the action." *AT & T v. New York City Dep't of Human Res.*, 736 F. Supp. 496, 499 (S.D.N.Y. 1990). Accordingly, plaintiff's failure to comply with the

---

*of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)). In the absence of any constitutional deprivation, the complaint fails to state a claim for conspiracy to deny rights guaranteed under the Constitution.

[12] The Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367 (2012).

statutory notice-of-claim provision requires dismissal of plaintiff's supplemental state law claim for breach of contract.  *Cf. Bedden-Hurley v. New York City Bd. of Educ.*, 385 F.Supp.2d 274, 277 (S.D.N.Y. 2005).

## CONCLUSION

For the reasons stated herein, defendants' motion to dismiss (Doc. No. 18) is GRANTED. The Clerk of Court is directed to enter judgment accordingly, and close this case.

SO ORDERED.

Dated: Brooklyn, New York  
   July 1, 2013

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge